LPER CURIAM.*
On March 15, 1999, the Jefferson Parish juvenile court rendered a judgment terminating the parental rights of E.N.L., the biological father of S.C.D., pursuant to La. Ch.Code art. 1138(D). E.N.L. appealed, and on September 28, 1999, the court of appeal affirmed the juvenile court’s judgment. E.N.L. did not apply for a rehearing of the court of appeal’s judgment.
On October 27, 1999, E.N.L. filed an application in this court for a writ of cer-tiorari. He also sought a stay of the court of appeal’s judgment and additional time to supplement his application. On October 28, 1999, we denied E.N.L.’s request for a stay and granted him an additional five days to supplement his application.
Upon further consideration, we have determined that the judgment of the court of appeal is final and definitive pursuant to La. Ch.Code art. 1143,[1] as E.N.L.’s application to this court was not filed within ten days of the court of appeal’s judgment.[2] Accordingly, we recall our order | 2of October 28, 1999 insofar as it grants E.N.L. additional time to supplement his application. The application will not be considered, because it was not timely filed, and the judgment complained of is now final and definitive.

 Johnson, J., not on panel. Rule IV, Part II, § 3.

. La. Ch.Code art. 1143 provides pertinent part:
A. An appeal from or application for a rehearing on any order or judgment rendered relative to a provision of this Title shall be in accordance with the provisions of this Article to the extent that the provisions hereof conflict with the provisions of the Code of Civil Procedure.
[[Image here]]
C. (1) Within seven days after the mailing of the notice of the judgment and opinion of the court of appeal, a party may apply to the court of appeal for a rehearing. Within ten days after the mailing of the notice of the judgment and opinion of the court of appeal, a party may apply to the supreme court for a writ of certiorari. The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed, [emphasis added]

. In addition, the application is untimely under the Supreme Court rules relating to cases involving the protection of children. Supreme Court Rule XXXIV, Part III, § 6 1 provides "[a ]writ application shall be made by counsel within 14 days of the mailing of the notice of judgment or denial of rehearing, unless a shorter period is provided by law.” [emphasis added]